```
UNITED STATES DISTRICT COURT                    DOCKET & FILE
EASTERN DISTRICT OF NEW YORK                    NOT FOR PUBLICATION
-----------------------------------------x
UNITED STATES OF AMERICA,

                    Plaintiff,                 MEMORANDUM and ORDER

        -against-                              06-CV-5317 (SLT)(RER)

GARRY P. WEBB a/k/a GARRY P. WEBB-BEY,

                    Defendant.
-----------------------------------------x
TOWNES, United States District Judge:
```

On September 28, 2006, plaintiff, United States of America, brought this action for permanent injunctive relief against defendant, Garry P. Webb, also known as Garry P. Webb-Bey. The summons and complaint were served upon defendant on October 5, 2006, but defendant did not answer or move until October 26, 2006, when defendant filed a seven-page document entitled, "Response to Complaint for Permanent Injunction" ("Defendant's Response"). The first two pages of that submission resemble an answer, in that they contain paragraphs denying, or denying knowledge or information concerning, specific allegations in the complaint. However, the next three pages are entitled "Memorandum of Fact and Law," and allege, among other things, that "Plaintiff[']s action should be dismissed pursuant to FRCP 12(b) 1 and 6 . . . ." Defendant's Response at 4.

Since Defendant's Response was filed one day after the expiration of the 20-day deadline set forth in Fed. R. Civ. P. 12(a)(1)(A), plaintiff promptly requested that the Clerk of Court enter the defendant's default pursuant to Fed. R. Civ. P. 55(a).[1] Pursuant to that request, the Clerk of Court entered a Notation of Default on October 30, 2006. However, rather than move for a

---

[1] Although plaintiff's request was docketed as a "Motion for Default Judgment," plaintiff's submission did not request a judgment. Rather, it expressly requested that the Clerk of Court enter a default. Since that relief has already been granted, this Court shall administratively terminate the motion for default judgment.

default judgment pursuant to Fed. R. Civ. P. 55(b), plaintiff now moves for a preliminary injunction. In addition, plaintiff has filed a "Response in Opposition to Defendant's Motion to Dismiss."

This Court does not construe Defendant's Response as a motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) or 12(b)(6). While a *pro se* litigant's pleadings are held to less stringent standards than those drafted by lawyers, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), a *pro se* litigant is not "exempt . . . from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). In order to move pursuant to Fed. R. Civ. P. 12(b)(1) or 12(b)(6), a defendant must file either a notice of motion or a proposed order to show cause, *see* Local Civil Rules 6.1 and 7.2, and must file the motion "before pleading." Fed. R. Civ. P. 12(b). Defendant, however, filed neither a notice of motion nor a proposed order to show cause, and his "Memorandum of Fact and Law" was filed together with, and not prior to, a document which closely resembles an answer. Accordingly, this Court construes Defendant's Response as his answer and construes defendant's "Memorandum of Fact and Law" as an addendum setting forth affirmative defenses, rather than as a memorandum in support of a Rule 12(b) motion.

Even if this Court were to construe Defendant's Response as a Rule 12(b) motion, it would deny the motion. The motion is untimely; it was filed one day after expiration of the 20-day deadline to answer or move set forth in Fed. R. Civ. P. 12(a)(1)(A), and the Clerk of Court has entered a Notation of Default against defendant. Moreover, the arguments raised in defendant's "Memorandum of Fact and Law" are entirely without merit.

The only motion currently before this Court, therefore, is plaintiff's motion for a preliminary injunction. Defendant shall respond to that motion on or before January 12, 2007, and plaintiff shall file a reply, if any, on or before January 26, 2007. If defendant has any procedural questions concerning the preparation of his response, he may contact the Pro Se Office by visiting the Clerk's Office at this Courthouse or by calling 718-613-2665. In addition, defendant is advised that, unless his default is vacated, the factual allegations in the complaint will be taken as true for purposes of determining whether plaintiff is likely to succeed on the merits. *See Chen v. Jenna Lane, Inc.*, 30 F. Supp 2d 622, 623 (S.D.N.Y. 1998) (quoting 10A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2688, at 58-59 (3d ed. 1998)); *see also Otokoyama Co. Ltd. v. Wine of Japan Import, Inc.*, 175 F.3d 266, 270 (2d Cir. 1999) (setting forth the standard for granting preliminary injunctive relief).

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
December 11, 2006