UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
UNITED STATES OF AMERICA,

                      Plaintiff,          **MEMORANDUM and ORDER**

      -against-                        06-CV-5317 (SLT)(RER)

GARRY P. WEBB a/k/a GARRY P. WEBB-BEY,

                     Defendant.
----------------------------------------------------------------x

**TOWNES, United States District Judge:**

By motion dated December 6, 2006, plaintiff United States of America moves for a preliminary injunction, principally seeking to enjoin defendant Garry Webb a/k/a Garry Webb-Bey, an income tax return preparer, from preparing or assisting in the preparation of federal income tax returns on behalf of any person other than himself. For the reasons set forth below, plaintiff's motion is granted to the extent described below.

## BACKGROUND

In September 2006, plaintiff brought this action pursuant to three sections of the Internal Revenue Code ("IRC") – 26 U.S.C. §§ 7402(a), 7407 and 7408 – principally seeking to permanently enjoin defendant from preparing or assisting in the preparation and filing of income tax returns for other people. The complaint alleges, *inter alia*, that defendant, who "prepares federal income tax returns and amended federal income tax returns for customers for a fee," has repeatedly "falsely underreport[ed] his customers' income . . . by . . . claiming a fraudulent foreign earned income exclusion." Complaint at ¶¶ 5-6. Specifically, plaintiff alleges that defendant falsely informs his customers that income earned within the fifty United States is "foreign income," and files tax returns for customers in which such income is completely offset by foreign income exclusions. *Id.* at ¶¶ 7-8. This underreporting of income has allegedly

resulted in plaintiff paying refunds to customers who are not entitled to them. *Id.* at ¶ 7.

According to the complaint, defendant "has been preparing federal tax returns claiming false foreign earned income exclusions since at least 1997." *Id.* at ¶ 10. Indeed, despite the fact that defendant improperly fails to sign the returns he prepares and signs for customers, the Internal Revenue Service ("IRS") has identified 82 returns prepared by Webb which claim this fraudulent foreign earned income exclusion. *Id.* at ¶¶ 11-12.

Defendant failed to file a timely answer to this complaint. On October 30, 2006, the Clerk of Court entered defendant's default pursuant to Fed. R. Civ. P. 55(a). However, rather than move for a default judgment pursuant to Fed. R. Civ. P. 55(b), plaintiff moved for a preliminary injunction. By Memorandum and Order dated December 11, 2006, this Court directed defendant to respond to that motion on or before January 12, 2007. To date, no response has been received. Nonetheless, plaintiff has filed a reply, urging this Court to expeditiously grant the preliminary injunctive relief it seeks.

## DISCUSSION

In order to obtain a preliminary injunction in actions in which this Court's authority to grant such relief is rooted wholly in the equity jurisdiction of the federal court, the moving party must show "that (1) absent injunctive relief, it will suffer irreparable harm, and (2) either (a) that it is likely to succeed on the merits, or (b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party." *Otokoyama Co. v. Wine of Japan Import, Inc.*, 175 F.3d 266, 270 (2d Cir. 1999). However, "[w]hen an injunction is expressly authorized by statute, the standard preliminary injunction test is not applied." *United States v. Broccolo*, No. 06-CV-2812

resulted in plaintiff paying refunds to customers who are not entitled to them. *Id.* at ¶ 7.

According to the complaint, defendant "has been preparing federal tax returns claiming false foreign earned income exclusions since at least 1997." *Id.* at ¶ 10. Indeed, despite the fact that defendant improperly fails to sign the returns he prepares and signs for customers, the Internal Revenue Service ("IRS") has identified 82 returns prepared by Webb which claim this fraudulent foreign earned income exclusion. *Id.* at ¶¶ 11-12.

Defendant failed to file a timely answer to this complaint. On October 30, 2006, the Clerk of Court entered defendant's default pursuant to Fed. R. Civ. P. 55(a). However, rather than move for a default judgment pursuant to Fed. R. Civ. P. 55(b), plaintiff moved for a preliminary injunction. By Memorandum and Order dated December 11, 2006, this Court directed defendant to respond to that motion on or before January 12, 2007. To date, no response has been received. Nonetheless, plaintiff has filed a reply, urging this Court to expeditiously grant the preliminary injunctive relief it seeks.

## DISCUSSION

In order to obtain a preliminary injunction in actions in which this Court's authority to grant such relief is rooted wholly in the equity jurisdiction of the federal court, the moving party must show "that (1) absent injunctive relief, it will suffer irreparable harm, and (2) either (a) that it is likely to succeed on the merits, or (b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party." *Otokoyama Co. v. Wine of Japan Import, Inc.*, 175 F.3d 266, 270 (2d Cir. 1999). However, "[w]hen an injunction is expressly authorized by statute, the standard preliminary injunction test is not applied." *United States v. Broccolo*, No. 06-CV-2812

(KMK), 2006 WL 3690648, at *1 (S.D.N.Y. Dec. 13, 2006) (citing *SEC v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 808 (2d Cir. 1975)). In such cases, courts focus on the "statutory conditions for injunctive relief," and may issue a preliminary injunction if such conditions are met. *Id.* The movant need not show irreparable harm. *See Mgmt. Dynamics, Inc.*, 515 F.2d at 808 (quoting *SEC v. Torr*, 87 F.2d 449, 450 (2d Cir. 1937) ("[I]t is of no moment that the plaintiff has failed to show threatened irreparable injury or the like"). Rather, when "the Government has satisfied the statutory conditions of the statute, irreparable harm to the public is presumed." *United States v. Schmitt*, 734 F.Supp. 1035, 1049 (E.D.N.Y. 1990).

In this case, plaintiff bases its motion for preliminary injunctive relief on three statutes: 26 U.S.C. §§ 7407, 7408 and 7402(a). Since each of these statutes sets forth different conditions for obtaining preliminary injunctive relief, each statute is separately analyzed below.

***Section 7407***

Section 7407, which applies solely to income tax return preparers, authorizes a district court to enjoin a preparer from, among other things, "engaging in any conduct subject to penalty under [26 U.S.C.] section 6694 or 6695," if it finds that injunctive relief is appropriate to prevent a recurrence of such conduct. 26 U.S.C.§7407(b)(1)(A) and (b)(2). Plaintiff alleges that defendant has violated both section 6694 and 6695. First, plaintiff argues that defendant violated § 6694(a), which subjects income tax return preparers to a penalty if they knowingly understate liability on a return or claim a refund based on a frivolous position "for which there was not a realistic possibility of being sustained on its merits." Second, plaintiff argues that defendant violated § 6695(b), which provides that "[a]ny person who is an income tax return preparer with respect to any return or claim for refund, who is required by regulations prescribed by the

3

Secretary to sign such return or claim, and who fails to comply with such regulations" shall pay a penalty.

In light of defendant's default in this case, there is no question that defendant violated these provisions. "Where, as here, 'the court determines that [a] defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Chen v. Jenna Lane, Inc.*, 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998) (quoting 10A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2688, at 58-59 (3d ed. 1998)). Therefore, by defaulting, defendant has admitted for purposes of this action that (1) he is an income tax return preparer in that he prepares federal income tax returns for customers for a fee, (2) he falsely underreported his customers' income by claiming a fraudulent foreign income exclusion and (3) he improperly failed to sign the returns he prepared and filed for customers. *See* Complaint at ¶¶ 5, 6 and 11. Since this conduct violates both § 6694 and § 6695, this Court is statutorily authorized to enjoin such conduct if it determines that an injunction is appropriate to prevent a recurrence. *See* 26 U.S.C. § 7407(b).

"The Second Circuit has articulated several factors to be considered in assessing the probability of future infractions: (1) the degree of scienter involved, (2) the isolated or recurring nature of the fraudulent activity, (3) the defendant's appreciation of his wrongdoing, and (4) the defendant's opportunities to commit future violations." *Broccolo*, 2006 WL 3690648, at *3 (quoting *SEC v. Softpoint, Inc.*, 958 F.Supp. 846, 867 (S.D.N.Y. 1997), citing *SEC v. Commonwealth Chem. Sec.*, 574 F.2d 90, 100 (2d Cir. 1978)). Other circuits have considered additional factors, such as "the gravity of the harm caused by the offense . . . [and] the extent of the defendant's participation." *See United States v. Schiff*, 379 F.3d 621, 625 (9th Cir. 2004).

These factors militate strongly in favor of granting injunctive relief in this case. First,

defendant – who is contending that income earned within the fifty United States is "foreign income" – appears to be engaged in a deliberate and wilful attempt to flout the IRC. Second, this misconduct is recurring; defendant has filed income tax returns claiming this bogus foreign income exclusion on behalf of at least 82 customers. Complaint at ¶ 12. Third, while defendant appears to appreciate the wrongful nature of his conduct, as evidenced by the fact that he has failed to sign the vast majority of the fraudulent returns, he shows no intention of ceasing this conduct voluntarily. Indeed, according to plaintiff, he has refused to respond to the IRS's requests for an interview, *see* Declaration of Lori Dixon, dated Dec. 5, 2006, at ¶¶ 3-4, and has persisted in filing fraudulent returns even after being informed that he was under investigation. *See* Declaration of Shauna Henline, dated Dec. 6, 2006, at ¶ 18. This misconduct has resulted in considerable financial harm to plaintiff, which has allegedly paid over $97,500 in undeserved refunds and spent additional resources in examining his customers' true liabilities, attempting to collect these unpaid taxes, and attempting to recover the erroneous refunds. *Id.* at ¶¶ 17, 20.

Plaintiff is, therefore, entitled to an injunction prohibiting defendant from engaging in this unlawful conduct. *See* 26 U.S.C. § 7407(b). However, a question remains as to the measure of injunctive relief which is appropriate in this case. Section 7407(b) provides that "[i]f the court finds that an income tax return preparer has continually or repeatedly engaged in any conduct described in . . . [26 U.S.C. § 7407(b)(1)] (A) through (D) . . . and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of . . . [the IRC], the court may enjoin such person from acting as an income tax return preparer." Plaintiff urges this Court to apply this provision, arguing that a narrow injunction is likely to be ineffective because defendant would remain "free to continue filing fraudulent tax returns with only slight variations on his past abuses or with new improper

claims." Plaintiff's Brief in Support of Motion for Preliminary Injunction ("Plaintiff's Brief") at 10.

This Court agrees with plaintiff. Defendant's untimely answer to the complaint – in which he claims to be an "unenfranchised" or "indigenous Moor," who does not "voluntarily choose to participate, in any capacity, with the commercial scheme of the United States," *see* Response to Complaint for Permanent Injunction at 3 – makes it abundantly clear that defendant's conduct is rooted in his ideology. Defendant believes that he and his customers should not have to pay federal taxes, and the fraudulent foreign income exclusions serve solely as a means of achieving that end. If this Court were to prohibit defendant from claiming this exclusion, defendant would doubtless resort to some other subterfuge in order to achieve the desired result: zero federal tax liability for himself and his customers.

Although this Court is aware that an injunction may work some hardship upon defendant (who despite his professed distaste for commercial transactions, charges his customers for his services), any such hardship is far outweighed by the hardship to plaintiff. As noted above, plaintiff has already paid out over $97,500 in undeserved refunds, and has incurred additional expenses in determining plaintiff's customers' true liabilities, attempting to collect these unpaid taxes, and attempting to recover the erroneous refunds. Where a defendant has "knowingly participated in conduct which has caused on a recurrent and continual basis the inflation of tax refunds due to tax payers," it is appropriate to enjoin that defendant from preparing tax returns. *See*, *e.g.*, *United States v. Adams*, 445 F. Supp. 2d 586, 592 (W.D.N.C. 2006). Accordingly, this Court shall enjoin defendant from acting as an income tax return preparer.

***Section 7408***

Plaintiff also seeks injunctive relief pursuant to 26 U.S.C. § 7408. This section is similar to § 7407, except that it does not pertain solely to income tax return preparers and authorizes a district court to enjoin conduct "subject to penalty under [26 U.S.C.] section 6700, 6701, 6707, or 6708," instead of conduct subject to penalty under section 6694 or 6695. However, as in § 7407, this Court is statutorily authorized to enjoin such conduct only if it determines that an injunction is appropriate to prevent a recurrence. 26 U.S.C. § 7408(b)(2).

Plaintiff specifically alleges that defendant has violated 26 U.S.C. § 6701, which subjects to penalty any person who (1) "aids or assists in, procures, or advises with respect to, the preparation . . . of any portion of a return . . ., (2) . . . knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws, and (3) . . . knows that such portion (if so used) would result in an understatement of the liability for tax of another person." 26 U.S.C. § 6701(a). As with §§ 6694 and 6695, the defendant's violation of this statute is established for purposes of this action by the uncontroverted allegations of the complaint. Specifically, the complaint alleges that defendant knowingly prepared and filed tax returns for customers in which he knowingly and falsely underreported their income. An injunction is appropriate to prevent a recurrence of this conduct for the exact same reason that it is appropriate to enjoin further violations of §§ 6694 and 6695.

Plaintiff is, therefore, entitled to an injunction prohibiting defendant from engaging in a violation of § 6701. *See* 26 U.S.C. § 7408(b). However, Plaintiff's Brief does not assert a violation of §§ 6700, 6707, or 6708. Accordingly, an injunction prohibiting defendant from violating these sections will not issue.

*Section 7402(a)*

7

Finally, plaintiff seeks injunctive relief under § 7402(a), which provides, in pertinent part:

> The district courts of the United States at the instance of the United States shall have . . . jurisdiction to make and issue in civil actions, writs and orders of injunction . . . and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.

This subsection is essentially "a catch-all provision" which grants district courts jurisdiction to issue injunctive relief. *See Broccolo*, 2006 WL 3690648, at *6. However, unlike sections 7407 and 7408, section 7402(a) does not itself authorize specific injunctive relief. Therefore, courtshave "applied traditional equity considerations when crafting injunctive relief pursuant to this section." *Id.* at *6 (citing cases).

Plaintiff seeks to use this statute as a basis for requesting mandatory injunctions requiring defendant to "produce to the United States information identifying his customers and copies of his returns, provide his customers with a copy of the preliminary injunction, and notify them that the returns he prepared for them [are] fraudulent." Plaintiff's Brief at 15. With respect to the first proposed mandatory injunction, plaintiff concedes that 26 U.S.C. § 6107(b) expressly provides that income tax return preparers shall retain a completed copy of the returns they file for their customers and maintain a list of the customers, and shall "make such copy or list available for inspection upon request by the Secretary." Plaintiff does not specifically allege that the Secretary has made such a request, but rather argues that the last sentence of § 7402(a) makes it unnecessary for plaintiff to do so.

This Court does not agree. "[I]t is fundamental that equity will not grant relief if the complaining party has, or by exercising proper diligence would have had, an adequate remedy at

law . . . ." *Campaniello Imports, Ltd. v. Saporiti Italia, S.p.A.*, 117 F.3d 655, 662 (2d Cir. 1997) (internal quotations and citations omitted). Although this Court is well aware that § 7402(a) has been read broadly in order to vindicate the public interest in the collection of revenue, *see*, *e.g.*, *United States v. First Nat'l City Bank*, 379 U.S. 378 (1965), this Court does not read the last sentence of § 7402(a) as stating – or even implying – that this fundamental equity principle should not apply to tax cases. Plaintiff does not cite, and this Court has not found, any cases supporting its position.

Moreover, even if the last sentence of § 7402(a) could be interpreted in the manner plaintiff suggests, such interpretation would appear to violate fundamental principles of statutory construction. The IRC expressly provides an enforcement mechanism for § 6107(b). Section 6695(d) provides penalties for an income tax return preparer who fails to comply with § 6107(b), and § 7407 expressly authorizes a district court to enjoin a preparer from "engaging in any conduct subject to penalty under [26 U.S.C. §] 6695." 26 U.S.C. § 7407(b)(1)(A). If this Court were to hold that injunctive relief is available immediately under § 7402(a), without requiring that the government request the copies of the returns or the customer list under § 6107(b) or follow the statutory provisions for enforcing that request, it would essentially render the statutory enforcement mechanism superfluous.

"[W]hen two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Pittsburgh & Lake Erie R.R. Co. v. Railway Labor Executives' Ass'n*, 491 U.S. 490, 510 (1989). Courts are required to read federal statutes "to give effect to each if [they] can do so while preserving their sense and purpose." *Id.* Plaintiff's broad interpretation of § 7402(a) would violate these basic principles of statutory interpretation. Accordingly, this Court declines to

9

issue an injunction pursuant to § 7402(a) directing defendant to produce to the United States information identifying his customers and copies of his returns. Plaintiff may request this information pursuant to
§ 6107(b) and, if defendant fails to comply, plaintiff may avail itself of the enforcement provisions of §§ 6695 and 7407.

This Court also declines to direct defendant to notify his customers that the returns he prepared for them are "fraudulent." Although defendant has conceded this point by defaulting, this Court has not yet made an independent determination that the returns are fraudulent. Moreover, a court order directing defendant to admit that he committed fraud would appear to violate defendant's Fifth Amendment right against self-incrimination.

This Court will, however, direct that defendant mail or otherwise deliver a copy of this Memorandum and Order and the Preliminary Injunction issued herewith to all persons for whom he has prepared federal income tax returns and for whom he has an address and/or telephone number, as well as to all persons who have paid, retained, or asked him to prepare income tax returns for FY 2006. Defendant shall explain to these past and current customers that he is prohibited from acting as an income tax return preparer, and shall inform customers for whom he has filed returns in the past that they should consult another income tax return preparer with respect to the advisability of filing amended returns. Defendant shall mail or otherwise deliver a copy of this Memorandum and Order and the Preliminary Injunction issued herewith to these past and current customers on or before February 9, 2007, and by February 16, 2007, shall file with this Court (and mail to plaintiff) an affidavit stating, under penalty of perjury, that he has fully complied with this Order. In that affidavit, defendant shall specifically name the customers to whom he has mailed or otherwise delivered a copy of this Memorandum and Order and the

Preliminary Injunction.

There is no need for this Court to enter an order permitting plaintiff to conduct discovery in this case. Defendant has filed an answer to the complaint, and plaintiff has not yet sought or been awarded a default judgment pursuant to Fed. R. Civ. P. 55(b). Therefore, plaintiff may conduct discovery on any issue relevant to this case, as authorized under the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons stated above, a preliminary injunction shall issue enjoining defendant Garry Webb a/k/a Garry Webb-Bey from acting as an income tax return preparer and from engaging in any activity subject to penalty under 26 U.S.C. §§ 6694, 6695 or 6701. This preliminary injunction shall prohibit defendant from preparing, filing, or assisting in the preparing and filing of federal income tax returns, amended returns, or other related forms and documents on behalf of any person other than himself. In addition, the preliminary injunction shall require defendant to mail or otherwise deliver a copy of this Memorandum and Order and the Preliminary Injunction issued herewith to his past and current customers on or before February 9, 2007; to explain to these customers that he is prohibited from acting as an income tax return preparer; to inform customers for whom he has filed returns in the past that they should consult another income tax return preparer with respect to the advisability of filing amended returns; and to certify on or before February 16, 2007, that he has fully complied with this Order.

**SO ORDERED.**

SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York

January 31, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,                **PRELIMINARY INJUNCTION**

    -against-                            06-CV-5317 (SLT)(RER)

GARRY P. WEBB a/k/a GARRY P. WEBB-BEY,

                Defendant.
----------------------------------------------------------------x

       Upon plaintiff United States of America's motion for a preliminary injunction, dated December 6, 2006, it is hereby:

       **ORDERED** that defendant Garry Webb a/k/a Garry Webb-Bey is preliminarily enjoined from acting as an income tax return preparer, and is hereby prohibited from preparing, filing, or assisting in the preparing and filing of federal income tax returns, amended returns, or other related forms and documents on behalf of any person other than himself;

       **ORDERED** that defendant Garry Webb a/k/a Garry Webb-Bey is preliminarily enjoined from engaging in activity subject to penalty under 26 U.S.C. §§ 6694, 6695 or 6701;

       **ORDERED** that defendant Garry Webb a/k/a Garry Webb-Bey shall mail or otherwise deliver a copy of this Preliminary Injunction and the Memorandum and Order issued herewith to all persons for whom he has prepared federal income tax returns and for whom he has an address and/or telephone number, as well as to all persons who have paid, retained, or asked him to prepare income tax returns for FY 2006.  Defendant shall explain to these past and current customers that he is prohibited from acting as an income tax return preparer, and shall inform customers for whom he has filed returns in the past that they should consult another income tax return preparer with respect to the advisability of filing amended returns.  It is further

       **ORDERED** that defendant Garry Webb a/k/a Garry Webb-Bey shall mail or otherwise deliver a copy of this Preliminary Injunction and the Memorandum and Order issued herewith to these past and current customers on or before February 9, 2007.  By February 16, 2007, defendant shall file with this Court (and mail to plaintiff) an affidavit stating, under penalty of perjury, that he has fully complied with this Order.  In that affidavit, defendant shall specifically name the customers to whom he has mailed or otherwise delivered a copy of this Preliminary Injunction and the Memorandum and Order.  It is also

**ORDERED** the plaintiff shall serve a copy of this Preliminary Injunction and the Memorandum and Order issued herewith upon defendant on or before February 2, 2007.

**SO ORDERED:**

SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
January 31, 2007